# IN THE COURT OF APPEALS OF IOWA

No. 24-0754
Filed March 19, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MATTHEW DAVID WETTSTEIN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Davis County, Greg Milani, Judge.

A defendant appeals his sentence. **AFFIRMED**.

Brandon Brown and Tammy Gentry of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Langholz and Sandy, JJ.

**GREER, Presiding Judge.**

Matthew Wettstein pled guilty to four counts of sexual abuse in the third degree, a class "C" felony. Because the district court considered victim impact statements that contained unproven allegations that were outside the boundaries of the factual basis offered as a basis for the plea, Wettstein contends the sentencing court abused its discretion, requiring resentencing before a different judge. After review, we affirm his sentence.

**Background Facts and Proceedings.**

Wettstein was charged with four counts of sexual abuse in the second degree, related to allegations he sexually abused a minor, K.W. After the State amended the trial information, Wettstein agreed to plead guilty but restricted the factual basis to the following terms set out in his notice of plea entry and agreement:

> 1. Mr. Wettstein will enter a plea of guilty to four (4) counts of Sex Abuse in the Third Degree, in violation of Iowa Code section 709.4(1)(b)(2)(d) [(2024)] (Class C—non-forcible felonies);
> 2. For one of the counts, Mr. Wettstein will state he had a weapon on his person;
> 3. Although the complainant may reference a firearm on multiple occasions, the court will only consider what has been admitted by Mr. Wettstein, the single instance;
> 4. The State will recommend an indeterminate term of incarceration not to exceed 20 years (i.e., two (2) consecutive convictions, two (2) concurrent convictions);
> 5. Mr. Wettstein will request the sentence be suspended and he be placed on probation for five (5) years;
> 6. Minimum fines;
> 7. A five (5) year no contact order;
> 8. Imposition of the lifetime special sentence;
> 9. Lifetime placement of the sex offender registry;
> 10. Dismissal of the NCO violation in Davis County No. SMSM101580 at defendant's cost;
> 11. A bond reduction to $50,000.00 plus continued pretrial release once the pleas are entered.

At the plea hearing, to support the factual basis, Wettstein admitted that

> when giving [K.W] a hug at a . . . picnic . . . I pressed my genitals into her genitals causing me to have an erection. And the process of— the purpose of this contact was sexual in nature. On this occasion I had a pistol stuck in my boot. I was four years—I was four or more years older than [K.W.] when this act occurred.

Leaving out the presence of a pistol, Wettstein then describe three other similar events involving the same taking place at other places. The court accepted Wettstein's guilty plea and set a date for judgment and sentence.

At sentencing, the court heard arguments from both parties. Wettstein called two witnesses: the presentence investigation (PSI) evaluator and an expert in forensic psychology, who had expertise in sex offender treatment. Wettstein offered as exhibits letter of support from various family members and friends and his expert's report. Wettstein gave an allocution and apologized. The district court asked if there were victim impact statements, and K.W. and her parents read their impact statements which were made part of the court file along with impact statements of K.W.'s siblings. The State complied with the plea agreement, recommending two consecutive terms of incarceration and two concurrent terms of incarceration, for a total of twenty years. Wettstein, in turn, argued for a suspended sentence and probation. The district court concluded incarceration was necessary and sentenced Wettstein to an indeterminant term of incarceration not to exceed ten years.

Wettstein appeals his sentence, arguing the sentencing court abused its discretion when it relied on unproved or unprosecuted conduct as relayed in the victim impact statements.

**Standard of Review.**

If a sentence is within statutory limits, we review challenges to the sentence imposed for an abuse of discretion. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). "That said, a sentencing court abuses its discretion when it relies on improper factors to reach a sentence." *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024).

**Discussion.[1]**

Wettstein was careful to establish a narrow factual basis as part of his plea agreement, which was emphasized by him to the district court during the plea hearing.[2] So we are faced with the balancing act between Wettstein's right to be sentenced only for the crimes he admits committing against the victim's statutory right to describe the crimes' impact upon her. As the statute provides: "Unless requested otherwise by the victim, the victim impact statement shall be presented at the sentencing hearing in the presence of the defendant, and at any hearing regarding reconsideration of sentence." Iowa Code § 915.21(1)(a). Along with other matters, the victim impact statement may include descriptions of "any change

---

[1] Because Wettstein "appeals a sentence that was neither mandatory nor agreed to in the plea bargain," he has good cause for this appeal. *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020).

[2] During the lead-up to sentencing, Wettstein moved to strike the first PSI report indicating it was "infected by error" because the PSI author repeated the K.W.'s version of events from the trial information, which were not admitted by Wettstein, along with other unproven allegations. The district court ordered:

> The Department of Correctional Services shall file an amended PSI, which will reevaluate and make sentencing recommendations based upon the parties' plea agreement, the transcript of the plea proceedings herein, the Amended Trial Information, and the fact that there was a firearm *in* possession but not *used* at the time of the offense.

in the victim's personal welfare or familial relationships as a result of the offense" and "[a]ny other information related to the impact of the offense upon the victim." *Id.* § 915.21(2)(c), (e). Wettstein agrees that under our rules of criminal procedure, the sentencing court shall consider all of the following:

> (1) The recommendation of the prosecuting attorney, subject to the terms of the plea agreement, if any.
> (2) The recommendation of the defendant's attorney, subject to the terms of the plea agreement, if any, and any statement of the defendant.
> (3) *The statement of the victim or victims of the offense*, if any, as provided by law.
> (4) The content and recommendation of the presentence investigation report.
> (5) All other factors required by law to be considered.

Iowa R. Crim. P. 2.23(2)(f) (2024) (emphasis added). But Wettstein asserts the district court went beyond the parameters allowed in considering the victim impact statements. He points to details in the victim statements that described choking, restraining, and threatening K.W.; use of the gun during the crimes; and "inflammatory" suggestions by K.W. that Wettstein "tried to rape her" and she had to use a knife to hold him off—none of which Wettstein admitted.

Courts may not rely on unproven or unprosecuted offenses during sentencing, even if allegations of such offenses are introduced in a victim impact statement. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses."). "A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be

overturned for an abuse of discretion or the consideration of inappropriate matters.'" *Damme*, 944 N.W.2d at 105–06 (quoting *Formaro*, 638 N.W.2d at 724). "[T]o overcome the presumption the district court properly exercised its discretion, there must be an affirmative showing the court relied on . . . improper evidence." *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (second alteration in original) (citation omitted). "Even if improper material is presented at sentencing, it is reversible error only if the district court *relied on* it." *Schooley*, 13 N.W.3d at 619 (emphasis added). So, we examine what occurred at the sentencing hearing to determine whether Wettstein can affirmatively establish on appeal that the district court relied upon impermissible statements or unproven wrongs to make the sentencing decision. *See id.*

We first note that while the State made its recommendation concerning the sentence to be imposed, it cautioned the district court:

> So for all those reasons, Judge—there are victim impact statements that are going to be read here. We'll ask the Court to consider that. That's a proper sentencing consideration. Of course, if they have uncharged or unproven conduct, we'll ask the Court not to consider that part, but we'll ask the Court to police itself to that extent, but to consider the victims.

Following his argument for probation, a second caution was raised on the same issue by Wettstein:

> [We] do want to touch on—there will be upcoming victim impact statements. We saw them briefly before we went on the record, and while we do know that this has been, of course, incredibly painful for this family, we would renew our argument, Your Honor, that the Court cannot consider unproven or unsubstantiated allegations against Mr. Wettstein, regardless of what's stated in the victim impact statement.

Yet, Wettstein contends that the court explicitly stated it *was relying upon* the victim impact statements and he points to the court's recitation of sentencing considerations while imposing sentence:

> I did seriously consider the arguments and brief of your counsel, your letters of support, your privately secured risk assessment, the relevant portions of the presentence investigation, *the victim impact statements*, the victim's age, your age, the nature of the offense which you pled guilty to, and the potential harm to the victim, as well as the vulnerability of the victim and your position with the victim, and the separate and serious nature of the offenses.

(Emphasis added.) But we rely on district courts to know what they can and cannot consider from a victim impact statement. *See Schooley*, 13 N.W.3d at 619. As our supreme court emphasized:

> [I]t is essential to the purpose of the victim impact statement that the victim be given an opportunity to fully convey the impact a crime has had. Although this may at times result in the airing of allegations which are unproven, we trust that our district courts, when weighing such statements as part of the sentencing determination, will filter out improper or irrelevant evidence.

*Id.* (alteration in original).

The district court's reference to a consideration of the victims' impact statements here do not constitute affirmative evidence the court relied on unproven or unprosecuted offenses in determining an appropriate sentence. *State v. Hintze*, No. 18-1418, 2019 WL 1056082, at *2 (Iowa Ct. App. Mar. 6, 2019) (vacating sentence for improper reliance on unproven facts introduced by parent in their victim impact statement). "That the court was aware of information upon which it is inappropriate to base a sentencing decision is not enough to warrant reversal." *State v. McCombs*, No. 21-1964, 2023 WL: 2673260, at *1 (Iowa Ct. App. Mar. 29,

2023).  It takes more to show the district court affirmatively relied on an unproven allegation or improper factor.

Further, when the PSI author testified during the sentencing hearing, the district court affirmatively stated it would not consider an unproven offense:

> WETTSTEIN: I'm going to object.  That's an unproven, unprosecuted offense that this Court should not be considering in terms of sentencing.  That case is still pending, and I'm asking the Court to strike that answer and disregard it.
> THE STATE: We're not asking the Court to consider that as—
> THE COURT: Her answer will come in.  And I've observed—I have observed in the PSI references to that.  I understand from conference with counsel about an allegation in their brief that indicated he had been adjudicated.  He has not been adjudicated for that violation of the no contact order, and I will not consider that as a conviction for purposes of sentence.

Upon review of the record, we find the district court was aware of the prohibition against using unprosecuted or unproven conduct to support the sentencing decision and Wettstein has not shown that the district court affirmatively relied upon improper factors in making its sentencing decision.

**Conclusion.**

Finding the district court properly exercised its discretion, we affirm Wettstein's sentence.

**AFFIRMED.**